IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00280-WDM-PAC

WASIM G. MANASFI,

    Plaintiff,

v.

JOHN MALONE,
ROBERT BENNETT,
GARY HOWARD,
CARL VOGEL, and
KENNETH CARROLL,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge O. Edward Schlatter, issued February 21, 2007, that the motion to dismiss filed by all defendants be granted and that all remaining motions be denied as moot. *Pro se* plaintiff Wasim G. Manasfi (Plaintiff) has neither objected to the recommendation nor sought additional time in which to do so. Accordingly, he is not entitled to *de novo* review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record in this case, including the complaint, the motion to dismiss, Plaintiff's response thereto, and the recommendation. I accept the recommendation that the complaint should be dismissed because the claims asserted are barred by the statute of limitations set forth in 28 U.S.C. § 1658(b), although I expand here on the analysis of this issue. Because I agree that Plaintiffs' claims are

time-barred, I do not reach the other arguments raised in the motion to dismiss.

The Tenth Circuit standard for determining when a statute of limitations has run on a securities fraud claim is set forth in *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1201-1202 (10th Cir. 1998). As one of my colleagues has observed, *Sterlin*'s standard may be viewed as a two-step process:

> 1) the date when the plaintiff was on "inquiry notice" of the possibility of fraud; when there existed "sufficient storm warnings" to alert a reasonable person to the possibility that misleading statements or significant omissions had been made; and 2) the period thereafter during which a diligent investor should have discovered the facts underlying the alleged fraud.

*In re Quest Communications. Int'l, Inc. Securities Litigation*, 387 F. Supp. 2d 1130, 1141 (D. Colo. 2005). Thus, Plaintiff had to file his complaint within two years of the date he knew, or should have known in the exercise of due diligence, of the alleged fraud (or, at the latest, five years after the occurrence of the facts giving rise to the claim). 28 U.S.C. § 1658(b).

Applying this standard to the claims asserted in the Complaint, I agree with the recommendation that Plaintiff was on "inquiry notice" at least by February 21, 2001, when Defendants issued a press release about the failure and withdrawal of a NASDAQ application, if not earlier.[1] Starting February 21, 2001, therefore, he had a period of time to exercise reasonable diligence to discover the facts underlying the alleged fraud. Case law suggests that a diligent investor should have discovered facts sufficient to form a

---

[1] As the recommendation observes, the Complaint suggests that Plaintiff (through his investment club) was tracking the progress of the NASDAQ application. Amended Complaint, at 12. This suggests there were "sufficient storm warnings" even before the February 21 press release to give rise to inquiry notice and trigger the period for diligent discovery.

complaint at least within six to twelve months of the February 21, 2001 press release.[2] *See In re Quest*, 387 F. Supp. 2d at 1142 (six months was not an unreasonable period of time for discovery of fraud where alleged scheme was complex and company made efforts to quell controversy). Certainly, even accepting Plaintiff's claim that he needed information provided in Defendants' SEC filings for the years 2000 through 2003 (which, I note, is information provided to the public), the exercise of reasonable diligence would have provided sufficient facts on which to base a claim before February 2004 (three years after the press release), the two-year mark prior to the filing of the Amended Complaint on February 17, 2006. *See Caprin v. Simon Transp. Servs., Inc.*, Fed. Sec. L. Rep. P 92,692 (10th Cir. 2004) (99 Fed. Appx. 150, *156-157) (where information submitted as factual basis for securities fraud claims was based on public information, including SEC filings, those facts could have been uncovered less than three months following negative press release that was basis for inquiry notice).

With regard to the other pending motions, I conclude that no purpose would be served by allowing Plaintiff additional time to amend his complaint. Further, given my ruling on the motion to dismiss, I need not decide Defendants' motion to strike Plaintiff's surreply brief.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Schlatter on February 21, 2007, is accepted as discussed in this order.

---

[2] Plaintiff asserts in his response to the motion to dismiss that he did not actually know of the fraud until 2005. The operative date under section 1658, however, is when he knew, *or should have known*, of the existence of a claim.

2. Defendants' joint motion to dismiss, filed April 20, 2006 (Docket No. 9), is granted.

3. Plaintiff's motion for extension of time to amend his complaint, filed April 21, 2006 (Docket No. 16), is denied as moot.

4. Defendants' joint motion to strike the surrebuttal, filed June 15, 2006 (Docket No. 30), is denied as moot.

5. This case is dismissed as barred by the statute of limitations set forth in 28 U.S.C. § 1658.

DATED at Denver, Colorado, on March 22, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge